UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CRESTMARK**, a Division of
 MetaBank, National Association,

    Plaintiff,

v.

**SIMON AUTOMOTIVE**, **LLC**,
 a Michigan limited liability company,
**SIMONXPRESS PIZZA, LLC**,
 an Arizona limited liability company,
**SIMON STORES CORPORATION**,
 a Michigan corporation,
**SE CORPORATION OF MICHIGAN**,
 a Michigan corporation,
**SIMON'S ENTERPRISE INC.**,
 a Michigan corporation,
**643 TELEGRAPH, LLC**,
 a Michigan limited liability company,
**PINKNEY PETROLEUM, LLC**,
 a Michigan limited liability company,
**CACTUS SHELL LLC**,
 an Arizona limited liability company,
**SIMON LAND DEVELOPMENT GROUP, LLC**,
 a Michigan limited liability company, and
**FAWZI SIMON**,
 an individual,

    Defendants.

Case No.
Hon.

_____/

## **VERIFIED COMPLAINT**

Plaintiff Crestmark, a Division of MetaBank, through its attorneys, Jaffe, Raitt, Heuer & Weiss P.C., states for its complaint against Defendants as follows:

4859346.v1

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Crestmark, a division of MetaBank, National Association, successor by merger to Crestmark Bank ("Crestmark"), is a national banking association with its principal place of business in Sioux Falls, South Dakota, and which has a place of business in Troy, Michigan.

2. Defendant Simon Automotive, LLC ("S. Auto") is a Michigan limited liability corporation with its principal place of business and registered office located in Michigan.

3. Defendant Simonxpress Pizza, LLC ("S. Pizza", or individually or collectively with S. Auto a "Borrower" or the "Borrowers" as the context requires) is an Arizona limited liability corporation with its principal place of business and registered office located in Arizona.

4. Defendant Simon Stores Corporation ("SSC") is a Michigan corporation with its principal place of business and registered office located in Michigan.

5. Defendant SE Corporation of Michigan ("SEC") is a Michigan corporation with its principal place of business and registered office located in Michigan.

6. Defendant Simon's Enterprise Inc. ("SEI") is a Michigan corporation with its principal place of business and registered office located in Michigan.

4859346.v1

7. Defendant 643 Telegraph, LLC ("643") is a Michigan limited liability corporation with its principal place of business and registered office located in Michigan.

8. Defendant Pinckney Petroleum, LLC ("Pinckney") is a Michigan limited liability corporation with its principal place of business and registered office located in Michigan.

9. Defendant Cactus Shell LLC ("Cactus") is an Arizona limited liability corporation with its principal place of business and registered office located in Arizona.

10. Defendant Simon Land Development Group, LLC ("SLDG", or individually or collectively with SSC, SEC, SEI, 643, Pinckney, Cactus and SLDG an "Entity Guarantor or the "Entity Guarantors" as the context requires) is a Michigan limited liability corporation with its principal place of business and registered office located in Michigan.

11. Defendant Fawzi Simon ("F. Simon", or individually or collectively with SSC, SEC, SEI, 643, Pinckney, Cactus and SLDG a "Guarantor or the "Guarantors" as the context requires), is an individual residing in Michigan.

12. Subject matter jurisdiction is proper in this Court pursuant to, among other things, 28 U.S.C. § 1332(a), as diversity exists between the parties and the amount in controversy exceeds $75,000.00.

4859346.v1

13. Defendants have done, and continue to do, business in the State of Michigan, and also expressly consented to jurisdiction in this Court, so that this Court has both general and specific personal jurisdiction over them pursuant to both statutory and Constitutional law.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## GENERAL BACKGROUND

15. Crestmark, among other things, makes loans and provides financial accommodations to small and mid-size companies.

16. Crestmark and S. Auto entered into Equipment Finance Agreement #170763-VF000 dated as of September 7, 2017, as amended, effective December 20, 2017 (the "S. Auto EFA", **Exhibit 1**). Under the S. Auto EFA, Crestmark agreed to finance S. Auto's purchase of certain equipment in the principal amount of $349,874.60, which S. Auto agreed to repay plus expenses, fees, costs of collection and interest according to the terms set forth in the contract. *Id*.

17. As part of the S. Auto EFA, F. Simon executed a Personal Guaranty guaranteeing the indebtedness of S. Auto under the S. Auto EFA. Ex. 1.

18. Each of the Entity Guarantors executed a separate Guaranty, dated as of September 7, 2017, guarantying the indebtedness of S. Auto under the S. Auto EFA (the "S. Auto Guarantees", **Exhibit 2**).

19. Crestmark and S. Pizza entered into Equipment Finance Agreement #180129-VF000 dated as of September 7, 2017 (the "S. Pizza EFA", **Exhibit 3**, and collectively with the S. Auto EFA, the "EFAs"). Under the S. Pizza EFA, Crestmark agreed to finance S. Pizza's purchase of certain equipment in the principal amount of $272,925.58, which S. Pizza agreed to repay plus expenses, fees, costs of collection and interest according to the terms set forth in the contract. *Id*.

20. As part of the S. Pizza EFA, F. Simon executed a Personal Guaranty guarantying the indebtedness of S. Pizza under the S. Pizza EFA. Ex. 3.

21. Each of the Entity Guarantors executed a separate Guaranty, dated as of September 7, 2017, guarantying the indebtedness of S. Pizza under the S. Pizza EFA (the "S. Pizza Guarantees", **Exhibit 4**).

22. In connection with his Personal Guarantees of both the S. Auto EFA and the S. Pizza EFA, F. Simon specifically agreed to "unconditionally and irrevocably guarantee … the prompt performance of all covenants, obligations and conditions (including payment when due) of all obligations of [S. Auto and S. Pizza respectively]." Ex. 1; Ex. 3.

5

23. In connection with the S. Auto Guarantees and the S. Pizza Guarantees, each of the Entity Guarantors likewise specifically agreed to "unconditionally and irrevocably guarantee … the prompt performance of all covenants, obligations and conditions (including payment when due) of all obligations of [S. Auto and S. Pizza respectively]." Ex. 2; Ex. 4.

24. Pursuant to the S. Auto EFA and the S. Pizza EFA, respectively, and by virtue of UCC-1 Financing Statements, Crestmark has a perfected first priority security interest in all of the subject equipment in S. Auto's and S. Pizza's possession, whose purchase was financed by Crestmark (hereinafter, the "Equipment"). **Exhibit 5**, UCC-1 Financing Statements.

25. Each Borrower has been and continues to be in default under its respective EFA because, among other reasons, it failed to make certain finance payments due under the EFA within 10 days of the due date (collectively, the "Existing Defaults"). Specifically, prior the execution of the Forbearance Agreement addressed below, each Borrower was past due on its respective EFA payments for the five months of November 2019, December 2019, January 2020, February 2020 and March 2020.

26. Each Borrower and each Guarantor requested that Crestmark forbear from enforcement of its remedies under all of the foregoing EFAs and Guarantees (collectively hereinafter, the "Loan Documents") to provide them additional time

to pay down the amounts due under their respective Loan Documents and to otherwise restructure their businesses, pursuant to the terms and conditions of a Forbearance Agreement executed by Crestmark, Borrowers and Guarantors with an effective date of April 30, 2020 (the "Forbearance Agreement", **Exhibit 6**).

27. In the Forbearance Agreement, each Borrower and each Guarantor acknowledged the Existing Defaults, and acknowledged and agreed that the unpaid balances due and owing to Crestmark under each EFA as of April 15, 2020 was as follows: S. Auto – $256,071.98; S. Pizza – $204,771.09. Ex. 6. The foregoing amounts included accrued interest, but did not include costs and attorney fees for which each Borrower and each Guarantor is liable (collectively hereinafter, the "Indebtedness").

28. Crestmark agreed in the Forbearance Agreement that that so long as Borrowers do not default under the terms of the Loan Documents other than the Existing Defaults, or breach any material term or provision of the Forbearance Agreement, Crestmark will forbear from proceeding with exercising its default remedies thereunder until August 1, 2020 (the "Forbearance Period"). Ex. 6.

29. The Forbearance Agreement provides that if either Borrower breaches, fails to comply with or fails to fulfill any one or more of the material terms, covenants, warranties and other provisions of the Forbearance Agreement or the Loan Documents, said Borrower shall be in default of the Forbearance

Agreement, and such default(s) shall result in the termination of the Forbearance Period and shall entitle Crestmark to exercise any and all default remedies available to it under this the Forbearance Agreement and/or the Loan Documents, at law and in equity, and otherwise as permitted with respect to the Indebtedness and the collateral security therefore. Ex. 6.

30. Additionally, the Forbearance Agreement explicitly provides that "Upon the occurrence of a default under this Forbearance Agreement … , each Borrower and Guarantors consent and agree that [Crestmark] shall be entitled to the immediate appointment of a receiver or receivers for the business of each Borrower and Guarantors." Ex. 6.

31. Each Borrower is in default of the Forbearance Agreement because, among other reasons:

- Each Borrower failed to produce a detailed debt / liability / payable / merchant cash advance schedule with a list of all creditors, including all amounts due and the due dates, within 7 days of the April 30, 2020 deadline (hereinafter, the "Deadline");

- Each Borrower failed to provide to Crestmark its current financial statements, and for S. Pizza noting the financial performance by each of its franchisor Hungry Howie's Pizza and Subs, Inc. locations, within 7 days of the Deadline;

- Each Borrower failed to retain a business consultant acceptable to Crestmark in its sole reasonable discretion at the Borrower's expense by the close of 5 business days after the Deadline;

- Each Borrower failed to prepare and submit to Crestmark by May 15, 2020, rolling 13-week cash flow budgets, including projections and statements of sources and uses of cash for the payment of expenses (the "Cash Flow Budgets") evidencing that the Borrower has a viable business; and

- Crestmark discovered following the Forbearance Agreement's execution that on April 21, 2020, the Arizona Department of Revenue filed a tax lien against S. Pizza in the amount of $1,610,999.03. **Exhibit 7**, Notice of AZ State Tax Lien.

32. On May 19, 2020, Crestmark issued a letter to all Defendants through counsel terminating the Forbearance Period in light of the defaults, and accelerating and demanding from all Defendants payment of the total Indebtedness owed by both Borrowers. **Exhibit 8**, Demand Letter. The letter further instructed each Borrower to immediately cease using its Equipment, and to surrender possession of its Equipment to Crestmark so that it may exercise its rights and remedies under the EFAs. *Id*. The letter further advised that if the Indebtedness was not paid in full immediately, Crestmark would be taking action to protect its

9

interests, including by way of filing suit and seeking the immediate appointment of a receiver for each Borrower. *Id*.

33. Despite Crestmark's demands, the Defendants have failed and refused either to pay the Borrowers' outstanding Indebtedness, or to surrender possession of the Equipment.

34. As a result of the actions by the Defendants, including their violations of the Loan Documents and the Forbearance Agreement, Crestmark has been damaged in an amount that exceeds $460,843.07, and which has continued to accrue interest, fees, and costs of collection, including attorneys' fees.

35. In discussions between Crestmark and F. Simon, the Borrowers have admitted to commingling their assets and liabilities with their related companies. In essence, F. Simon has admitted to using all of the entities as his own personal checkbook.

## COUNT I: BREACH OF CONTRACT (S. Auto)

36. Crestmark incorporates the above allegations as if fully restated here.

37. Crestmark and S. Auto are parties to the S. Auto EFA and the Forbearance Agreement, both of which are valid, binding and enforceable contracts.

38. S. Auto has breached the S. Auto EFA and the Forbearance Agreement as addressed herein.

39. Crestmark has been damaged by S. Auto's breaches of the S. Auto EFA and the Forbearance Agreement.

WHEREFORE, Crestmark respectfully requests that the Court enter a judgment against S. Auto in an amount to be determined but that exceeds $256,071.98 as of April 30, 2020, plus interest, costs, and attorneys' fees as required by the parties' contracts, and grant Crestmark all such relief which is just and appropriate under the circumstances.

### COUNT II:
### BREACH OF CONTRACT
### (S. Pizza)

40. Crestmark incorporates the above allegations as if fully restated here.

41. Crestmark and S. Pizza are parties to the S. Pizza EFA and the Forbearance Agreement, both of which are valid, binding and enforceable contracts.

42. S. Pizza has breached the S. Pizza EFA and the Forbearance Agreement as addressed herein.

43. Crestmark has been damaged by S. Pizza's breaches of the S. Pizza EFA and the Forbearance Agreement.

WHEREFORE, Crestmark respectfully requests that the Court enter a judgment against S. Pizza in an amount to be determined but that exceeds $204,771.09 as of April 30, 2020, plus interest, costs, and attorneys' fees as required by the parties' contracts, and grant Crestmark all such relief which is just and appropriate under the circumstances.

### COUNT II:
### BREACH OF CONTRACT
### (All Guarantors)

44. Crestmark incorporates the above allegations as if fully restated here.

45. F. Simon executed the Personal Guaranty to each of the S. Auto EFA and the S. Pizza EFA, which guaranteed S. Auto's and S. Pizza's respective obligations to Crestmark.

46. Each of F. Simon's Personal Guarantees is a valid, binding and enforceable contract.

47. Each of the Entity Guarantors executed one among both the S. Auto Guarantees and the S. Pizza Guarantees, which guaranteed S. Auto's and S. Pizza's respective obligations to Crestmark.

48. Each among the Entity Guarantors' S. Auto Guarantees and S. Pizza Guarantees is a valid, binding and enforceable contract.

49. All of the Guarantors executed the Forbearance Agreement, which is likewise a valid, binding and enforceable contract.

4859346.v1

50. Crestmark has demanded payment from the Guarantors, but the Guarantors have failed and refused to pay Crestmark the Indebtedness of S. Auto and S. Pizza as required under the foregoing contracts.

WHEREFORE, Crestmark respectfully requests that the Court enter a judgment against all of the Guarantors, jointly and severally, in an amount to be determined but that exceeds $460,843.07 as of April 30, 2020, plus interest, costs, and attorneys' fees as required by the parties' contracts, and grant Crestmark all such relief which is just and appropriate under the circumstances.

## COUNT III:
### FORECLOSURE OF SECURITY INTEREST
**(S. Auto and S. Pizza)**

51. Crestmark incorporates the above allegations as if fully restated here.

52. S. Auto and S. Pizza have defaulted under the terms of their respective EFAs and the Forbearance Agreement.

53. Article 9 of the Michigan Uniform Commercial Code provides that after a default a secured party "[m]ay reduce a claim to judgment, foreclose, or otherwise enforce the claim, security interest, or agricultural lien by any available judicial procedure." MCL 440.9601(1)(a).

54. As a result of the Borrowers' defaults, Crestmark is entitled to enforce its perfected first priority security interest in all of the Equipment.

4859346.v1

WHEREFORE, Crestmark respectfully requests the entry of a judgment ordering the Borrowers to immediately surrender to Crestmark's possession all of the Equipment.

### COUNT IV:
### APPOINTMENT OF RECEIVER
### (S. Auto and S. Pizza)

55. Crestmark incorporates the above allegations as if fully restated here.

56. This Court enjoys broad equitable powers to appoint a receiver.

57. Independent of the Court's inherent authority to appoint a receiver, both S. Auto and S. Pizza explicitly covenanted by virtue of the Forbearance Agreement in any event that "Upon the occurrence of a default under this Forbearance Agreement … , each Borrower consent[s] and agree[s] that [Crestmark] shall be entitled to the immediate appointment of a receiver or receivers for the business of each Borrower … ." Ex. 6.

58. Both Michigan common law and the Borrowers' explicit contractual covenant support the appointment of a receiver over their businesses, including without limitation for the purposes of avoiding waste and protecting Crestmark's interests.

WHEREFORE, Crestmark requests this Court to appoint a receiver over both Borrowers' businesses by virtue of an order, *inter alia*, restraining both Borrowers from acting except through said receiver.

4859346.v1

## VERIFICATION

I declare that the statements above in the Complaint are true to the best of my information, knowledge and belief.

**CRESTMARK, A DIVISION OF METABANK, NATIONAL ASSOCIATION**

By: _____
Scot R. Lund
Authorized Representative


Respectfully submitted,
JAFFE, RAITT, HEUER & WEISS, P.C.

/s/ David Z. Adler
David Z. Adler (P71227)
Attorneys for Plaintiff
27777 Franklin Road, Suite 2500
Southfield, MI 48034
248.351.3000
dadler@jaffelaw.com

Dated: June 1, 2020

4859346.v1

## VERIFICATION

I declare that the statements above in the Complaint are true to the best of my information, knowledge and belief.

                **CRESTMARK, A DIVISION OF METABANK, NATIONAL ASSOCIATION**

                By: _/s/ Scot R. Lund_
                Scot R. Lund
                Authorized Representative

                Respectfully submitted,
                JAFFE, RAITT, HEUER & WEISS, P.C.

                /s/ David Z. Adler
                David Z. Adler (P71227)
                Attorneys for Plaintiff
                27777 Franklin Road, Suite 2500
                Southfield, MI 48034
                248.351.3000
                dadler@jaffelaw.com

Dated: June 1, 2020

4859346.v1