# EXHIBIT 3



EQUIPMENT FINANCE AGREEMENT #180129-VF000
DATE: January 25, 2018

40950 Woodward Ave. Suite 201 Bloomfield Hills, MI 48304-5127
Phone: 248-593-3900

This Equipment Finance Agreement (EFA) has been written in "Plain English". When we use the words "you" and "your" in this EFA, we mean you, our customer (the Customer indicated below). When we use the words "we", "us", and "our" in this EFA, we mean the Lender, Crestmark Equipment Finance, Inc. dba Allstate Capital. **YOU UNDERSTAND THAT WE ARE NOT AFFILIATED WITH THE SUPPLIER AND THAT YOU ARE OBLIGATED TO MAKE ALL PAYMENTS UNDER THIS EFA, REGARDLESS OF YOUR SATISFACTION WITH THE EQUIPMENT DESCRIBED BELOW.**

## CUSTOMER INFORMATION

| Customer Name | | | Customer Address/City/State/Zip | | |
|---|---|---|---|---|---|
| SimonXpress Pizza, LLC | | | 1826 Northwood Dr, Troy, Michigan 48084-5522 | | |
| Type of Organization | Jurisdiction of Organization | Organization ID # | Phone Number | Fax | Tax ID # |
| Limited Liability Company | AZ | L21917465 | (248) 688-9625 | (248) 688-9795 | 82-1734457 |

**EQUIPMENT DESCRIPTION AND LOCATION(S)**   SEE ATTACHED EQUIPMENT SCHEDULE A

## TERM AND FINANCE PAYMENT SCHEDULE

| EFA Term | Monthly Finance Payment: | You agree to pay when signing this EFA: | |
|---|---|---|---|
| 60 Months | 3 Monthly Payments at $18,195.04 | A) Advance Finance Payment: **1 Month(s)** | $18,195.04 |
| You cannot cancel this EFA during the EFA Term. | Followed by 57 Monthly Payments at $5,037.42 | B) Documentation Fee | $399.00 |
| | Amount Financed: $272,925.58 | C) Total of A+B | $18,594.04 |
| | | Advance Payments: If more than one Finance Payment is required in advance, the additional amount will be applied at the end of the EFA Term. | |
| | In addition to the Finance Payment, you agree to pay a per diem amount equal to 1/30th of the Finance Payment multiplied by the number of days including the Acceptance Date through, but excluding, the EFA Start Date. | | |

**CREDIT CONDITIONS**   You agree to the following credit conditions for this EFA:

- Obligations under this Agreement to be irrevocably, unconditionally guaranteed by Guarantor(s) below
- Payments must be made by automatic debit
- Provide LLA for equipment location
- Provide vendor profile if prefunding is required

This EFA will not go into effect unless the foregoing conditions are satisfied in our judgment. If payments are required to be made by automatic debit, you agree to maintain authorization for us and/or our assignees to electronically initiate debit entries to your corporate checking account under the automated clearing house (ACH) funds transfer system for all amounts due under this EFA. If you fail to comply with these requirements throughout the EFA Term, it will constitute a Default under this EFA.

**SPECIAL TERMS**   Not Applicable

**TERMS AND CONDITIONS**   By signing this EFA, you acknowledge that: (i) you have read and understand the terms and conditions, (ii) you cannot terminate or cancel this EFA for any reason, (iii) you have an unconditional obligation to make all payments due under this EFA, and you cannot withhold, set off or reduce such payments for any reason, (iv) you will use the Equipment only for business purposes and not for personal, family or household purposes, (v) the Equipment Location is a business address, (vi) all financial and other information you have delivered to us is true, accurate and correct and (vii) we are relying upon all such information to enter into this EFA. **THIS EFA IS GOVERNED BY THE LAWS OF THE STATE OF MICHIGAN AND YOU CONSENT TO THE JURISDICTION OF ANY STATE OR FEDERAL COURT LOCATED IN THE STATE OF MICHIGAN. YOU EXPRESSLY WAIVE ANY RIGHT TO A TRIAL BY JURY.** Your credit approval is valid through **April 22, 2018**, provided there is no material adverse change in your business condition, operations, or prospects from the EFA Date set forth above (or if earlier, from the date of any financial statements submitted to us) to the date of funding this EFA, after which your credit approval is subject to re-approval. The Finance Payment is based on Interest Rate SWAPS for the term closest to the EFA Term ("Index Rate"). If the Index Rate changes from the EFA Date to the date we receive all required documentation for this EFA, we reserve the right to adjust the Finance Payment accordingly.

| Customer | | Lender | |
|---|---|---|---|
| SimonXpress Pizza, LLC | | Crestmark Equipment Finance, Inc. dba Allstate Capital | |
| Authorized Signature X | Date 1-26-18 | Authorized Signature X | Date 2-5-18 |
| Print Name & Title X Fawzi Simon, Member | | Print Name & Title X Scot Chandler DIV. MGR | |

**PERSONAL GUARANTY FOR EFA**   When we use the words "you" and "your" in this Personal Guaranty, we mean the Personal Guarantor(s) indicated below. When we use the words "we", "us" or "our", we mean Crestmark Equipment Finance, Inc. dba Allstate Capital. As an inducement for us to enter into the Equipment Finance Agreement described above ("EFA"), you unconditionally and irrevocably guarantee to us, our successors and assigns, the prompt performance of all covenants, obligations and conditions (including payment when due) of all obligations of Customer (including, among other things, amendments which may increase the Amount Financed up to twice that specified above). You agree that this is a guaranty of payment and not of collection and that we can proceed directly against you to collect the entire amount due under the EFA (or any one or more of the Guarantors if there is more than one Guarantor) without first proceeding against the Customer or pursuing any other remedy. You agree to pay all attorney fees and other expenses we incur in enforcing our rights under this Personal Guaranty. You waive notice of acceptance and any other kind of notices or demands. You waive all defenses, including those of protest, presentment and demand. You agree that we can renew, extend, compromise or otherwise modify the terms of the EFA or release the Customer from liability, and that such changes will not release you from your obligations under this Personal Guaranty. This is a continuing guaranty. It will not be discharged by your death and will bind your heirs and representatives. Our rights may be enforced by us or by any assignee or successor to our rights. **THIS PERSONAL GUARANTY IS GOVERNED BY THE LAWS OF THE STATE OF MICHIGAN. YOU CONSENT TO THE PERSONAL JURISDICTION OF ANY STATE OR FEDERAL COURT IN THE STATE OF MICHIGAN WITH RESPECT TO ANY ACTION ARISING OUT OF THE EFA AND/OR THIS PERSONAL GUARANTY. YOU WAIVE ANY RIGHT TO TRIAL BY JURY.** If we must serve you with notice (including service of process), notice shall be deemed sufficient if sent by certified mail to the address below. You authorize us, and our successors, assignees and affiliates, to obtain credit bureau reports regarding your personal credit and to make other credit inquiries that we determine are reasonably necessary. This Personal Guaranty shall continue to be effective or reinstated if any payment under the EFA is rescinded or must be returned due to insolvency, bankruptcy or reorganization, as though the payment had not been made. The provisions of Section 14 of the EFA apply to your execution of this guaranty if done by means of electronic signature.

| Signature of Personal Guarantor (1) - Fawzi Simon X | | | Signature of Personal Guarantor (2) - X | Not Applicable | |
|---|---|---|---|---|---|
| Home Address/City/State/Zip 2975 W Hickory Grove Bloomfield Hills MI 48304 | Social Security # XXX-XX-8394 | Phone Number (248) 388-8759 | Home Address/City/State/Zip AZ | Social Security # | Phone Number |

1. **EFA; DELIVERY AND ACCEPTANCE; FINANCE PAYMENTS.** You agree to finance the equipment described on the first page ("Equipment") on the terms and conditions of this EFA ("EFA"). When you receive the Equipment, you agree to inspect it to determine if it is in good working order. The Equipment will be deemed irrevocably accepted by you and your obligations under the EFA will begin on the Acceptance Date, which is the earlier of: a) the date of acceptance indicated on the Acceptance Certificate signed by you; or b) 3 days after delivery of the Equipment to you if you have not previously given written notice that the Equipment is not accepted. The "EFA Start Date" will be the earlier of the first or fifteenth day of the month following the Acceptance Date. If the Acceptance Date is the first or fifteenth day of a month, that date will be the EFA Start Date. The first Finance Payment will be due on the EFA Start Date. The remaining Finance Payments will be due on the same day of each subsequent month (or as otherwise specified on the first page of this EFA). You will make all payments under this EFA at the address we specify in writing. You authorize us to adjust the Finance Payment if the actual Amount Financed (which is all amounts we have paid in connection with the purchase, delivery and installation of the Equipment, any trade-up and buyout amounts and any financed taxes) differs from the Amount Financed on the first page. If any Finance Payment or other amount payable is not paid within 10 days of its due date, you will pay a late charge not to exceed 15% of each late payment (with a minimum of $15.00) or such lesser rate as is the maximum rate allowable under applicable law. You also agree to pay $25 for each check or automatic payment returned for insufficient funds or any other reason.

2. **NO WARRANTIES.** We are financing the Equipment "AS-IS". WE ARE NOT, AND DO NOT REPRESENT, THE MANUFACTURER OR THE SUPPLIER. YOU HAVE SELECTED THE EQUIPMENT AND SUPPLIER BASED UPON YOUR OWN JUDGMENT. WE MAKE NO WARRANTIES, EXPRESS OR IMPLIED, INCLUDING WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, CONDITION, QUALITY OR WORKMANSHIP, OR AS TO PATENT INFRINGEMENT OR OTHERWISE. WE ARE NOT RESPONSIBLE FOR, AND YOU WILL NOT MAKE ANY CLAIM AGAINST US FOR DAMAGES, WHETHER DIRECT, INDIRECT, SPECIAL, OR CONSEQUENTIAL, OR WITHHOLD OR SETOFF ANY CLAIM AGAINST ANY FINANCE PAYMENT. NEITHER THE SUPPLIER, NOR ANY SALESPERSON, EMPLOYEE OR AGENT OF THE SUPPLIER, IS OUR AGENT OR HAS ANY AUTHORITY TO BIND US.

3. **EQUIPMENT LOCATION; USE AND REPAIR.** You will keep and use the Equipment only at the Equipment Location shown on the first page of this EFA, and will not move the Equipment, without our prior written consent. At your own cost, you will keep the Equipment eligible for any manufacturer's certification, in compliance with applicable laws and in good condition, except for ordinary wear and tear. You will not make any alteration, addition or replacement to the Equipment without our prior written consent. We may inspect the Equipment at any reasonable time.

4. **TAXES AND FEES.** We make no warranty as to treatment of this EFA for tax or accounting purposes. You will pay when due, either directly or to us upon our demand, all license or registration fees, taxes, fines, fees and penalties relating to this EFA or the procurement, use or ownership of the Equipment that are now or will be assessed by any state, local or other government authority including, but not limited to, use and personal property taxes and recycling, disposal or other similar fees. You will timely file all personal property, use or other tax returns relating to the procurement, use, or ownership of the Equipment and will indemnify us for any loss, claim or expense we may incur as the result of your failure to do so. At our request, you will promptly provide us with evidence that you have filed all such tax returns and paid all such taxes and fees.

5. **LOSS OR DAMAGE.** You are responsible for any loss, theft or destruction of, or damage to, the Equipment (collectively "Loss") from any cause, whether or not insured, until you have made all payments under this EFA. You are required to make all Finance Payments even if there is a Loss. You must notify us in writing immediately of any Loss. In the event of a Loss, at our option, you will either (a) repair the Equipment so that it is in good condition and working order, eligible for any manufacturer's certification, or (b) pay us the amounts specified in Section 9(b) below.

6. **INSURANCE.** During the EFA Term, you will obtain and maintain, at your expense (a) "Special Form" property insurance protecting the Equipment against the loss, theft or destruction of, or damage to, the Equipment for the Amount Financed, naming us, our successors and assigns as loss payee on a "Lender's Loss Payable" endorsement, and (b) public liability insurance in an amount acceptable to us, naming us as an additional insured (together, "Required Insurance"). You must provide us satisfactory written evidence of the Required Insurance within thirty (30) days of the EFA Start Date (the "Due Date"). The Required Insurance must be in a form, amount and with companies acceptable to us, and provide that we will be given 30 days advance notice of any cancellation or material change of coverage. If you do not do so, we may, at our discretion, obtain the Required Insurance from an insurer of our choice, including an insurer that may be our affiliate ("EFA Insurance"). EFA Insurance covers the Equipment and us; it does not name you as an insured and may not cover all of your interest in the Equipment. You agree to pay us periodic charges for EFA Insurance that we procure on your behalf ("Insurance Charges"). The Insurance Charges may include: a premium that may be higher than if you obtained the Required Insurance from another insurance carrier, a finance charge of up to 1.5% per month on any advances made by us or our agents, and billing and administrative fees, any or all of which may generate a profit to us or our agents. **If you fail to provide satisfactory evidence of Required Insurance by the Due Date, we may pay Insurance Charges by debiting your account under any previously-authorized automatic payment.** We will discontinue billing Insurance Charges if you provide satisfactory evidence of Required Insurance. Nothing in this Section creates an insurance relationship between us, you and any other person. We are not required to procure or maintain any insurance, and we will not be liable to you if we terminate any insurance coverage that we arrange. You appoint us your attorney-in-fact to seek and receive any insurance benefits, including the right to enforce and negotiate checks and execute documents to collect insurance proceeds.

7. **TITLE; SECURITY INTEREST; RECORDING.** You are the owner of and will hold title to the Equipment. You will keep the Equipment free of all liens and encumbrances. To secure your obligations to make all Finance Payments and all other payment or other obligations under this EFA, you grant us a first priority security interest in the Equipment (including any replacements, substitutions, additions and proceeds (including insurance proceeds) from the sale, casualty loss, or other disposition of the Equipment). You represent to us that the Equipment is currently free of all liens, claims and encumbrances of any kind, other than our interest in the Equipment governed by this EFA. You authorize us to file financing statements and agree to execute documents we request to protect our interest in the Equipment.

8. **DEFAULT.** Each of the following is a "Default" under this EFA: (a) you fail to pay any Finance Payment or any other payment within 10 days of its due date, (b) you do not perform any of your other obligations under this EFA or in any other agreement with us or with any of our affiliates and it continues for 10 days after we have notified you of it, (c) you become insolvent, you dissolve or are dissolved, you assign your assets for the benefit of your creditors, or you enter (voluntarily or involuntarily) any bankruptcy or reorganization proceeding; (d) any guarantor of this EFA dies, does not perform its obligations under the guaranty, or becomes subject to one of the events listed in clause (c) above.

9. **REMEDIES.** If a Default occurs, we may do one or more of the following: (a) cancel or terminate this EFA and any other agreements that we have with you; (b) require you to immediately pay us, as compensation for loss of our bargain and not as a penalty, a sum equal to (i) the present value of all unpaid Finance Payments for the remainder of the EFA Term discounted at 2% per year, plus (ii) all other amounts due or that become due under this EFA; (c) require you to deliver the Equipment to us; (d) peacefully repossess the Equipment without court order and you will not make any claims against us for damages, trespass or any other reason; and (e) exercise our rights and remedies under Article 9 of the Uniform Commercial Code (UCC), and any other right or remedy available at law or in equity. **You agree that all rights and remedies are cumulative and not exclusive, and to pay all of our costs of enforcing our rights against you, including reasonable attorneys' fees and costs plus expenses of repair, redelivery, storage and repossession of the Equipment.** If we take possession of the Equipment, we may sell or otherwise dispose of it with or without notice, at a public or private sale, and apply the net proceeds (after deduction of all expenses related to our collection efforts) to the amounts that you owe us. You agree that if notice of sale is required by law to be given, 10 days notice is reasonable. You will remain responsible for any amounts that are due after we have applied the net proceeds.

10. **ASSIGNMENT. YOU MAY NOT ASSIGN, SELL OR TRANSFER THE EQUIPMENT OR YOUR INTEREST IN THIS EFA WITHOUT OUR CONSENT.** We may, without notifying you, sell, assign, or transfer this EFA, in which case you agree that the new holder will have the same rights and benefits that we have now under this EFA, but not our obligations. The rights of the new owner will not be subject to any claim, defense or set-off that you may have against us. You agree to sign an acknowledgment of any such assignment promptly upon request.

11. **INDEMNIFICATION.** You are responsible for any losses, damages, penalties, claims, suits and actions (including court costs and reasonable attorneys' fees) (collectively "Claims"), whether based on a theory of strict liability or otherwise, caused by or related to (a) the manufacture, installation, ownership, use, possession, or delivery of the Equipment, or (b) any defects in the Equipment. You agree to reimburse us for, and if we request, defend us against, any Claims.

12. **CREDIT INFORMATION. YOU AUTHORIZE US, AND OUR SUCCESSORS, ASSIGNEES AND AFFILIATES, TO OBTAIN CREDIT BUREAU REPORTS, AND MAKE OTHER CREDIT INQUIRIES THAT WE OR THEY DETERMINE ARE NECESSARY. ON YOUR WRITTEN REQUEST, WE WILL INFORM YOU WHETHER WE HAVE REQUESTED A CONSUMER CREDIT REPORT AND THE NAME AND ADDRESS OF ANY CONSUMER CREDIT REPORTING AGENCY THAT FURNISHED A REPORT. YOU ACKNOWLEDGE THAT, WITHOUT FURTHER NOTICE, WE, AND OUR SUCCESSORS, ASSIGNEES AND AFFILIATES MAY USE OR REQUEST ADDITIONAL CREDIT BUREAU REPORTS TO UPDATE OUR INFORMATION AS LONG AS YOU HAVE OUTSTANDING OBLIGATIONS UNDER THIS EFA.**

13. **COUNTERPARTS; CHATTEL PAPER; FACSIMILES.** This EFA may be executed in counterparts. Only one counterpart of this EFA will be marked "Original" and the other counterparts will be marked "Duplicates." If this EFA constitutes chattel paper, as that term is defined in the UCC, no security interest in this EFA may be created in any counterpart other than the one marked "Original" (subject in the case of electronically stored documents to Section 14 below). If we do not timely receive an executed original of this EFA from you, then we may designate a facsimile or electronic copy as the "Original" for chattel paper purposes by manually signing the facsimile or electronic copy and marking it as the "Original." **Facsimile signatures shall be considered to be genuine for all purposes and you agree that we may produce a facsimile copy of this document rather than the original execution copy in any action to enforce or otherwise relating to this EFA.**

14. **ELECTRONIC SIGNATURES.** This EFA may be executed, communicated or retained by electronic signature ("Electronic Signature"). An Electronic Signature binds the signer as if it were manually signed, and a facsimile or other electronic version of the document shall be admissible as evidence. It is your responsibility to ensure that only authorized persons affix an Electronic Signature. If stored electronically, the sole electronic original of this EFA shall be the authoritative copy under UCC sec. 9-105, and, if this EFA is chattel paper, no security interest may be created or perfected except through control of the authoritative copy. You may access the authoritative copy to make a duplicate. We may at any time create a tangible authoritative copy (which will become the sole chattel paper under the UCC) by manually signing a tangible representation of the electronic authoritative copy of this EFA and marking it as the "Original." The provisions of this section also apply to other documents related to this EFA that are signed by Electronic Signature.

15. **MISCELLANEOUS.** The terms and conditions in this EFA make up the entire agreement between you and us regarding the EFA and the Equipment. Neither this EFA nor any amendment to it will be binding until signed by both parties. Any consent or waiver of any term or condition of this EFA must be in writing and signed by us. You authorize us to supply missing information or correct obvious errors in this EFA, without notice to you. We may obtain or negotiate payment terms or discounts from the supplier that are not available to you. You acknowledge that we may share this EFA, its contents and the description of the Equipment with the supplier. If we delay or fail to enforce any of our rights under this EFA, we will still be entitled to enforce those rights at a later time. If any part of this EFA is found to be invalid, it will not invalidate any other part of this EFA, and the EFA will be modified to the minimum extent permitted by law. All notices to either party must be given in writing and will be effective when deposited in the U.S. Mail, postage prepaid, addressed to the other party at its address on the first page of this EFA (or any other address specified by that party in writing). All of our rights and indemnities will survive the termination of this EFA. The parties do not intend to violate any applicable usury law or to exceed the maximum amount of time price differential or interest, as applicable, permitted to be charged or collected by applicable law. Any such excess payment will be applied to Finance Payments in inverse order of maturity, and any remaining excess will be refunded to you. If you do not perform any of your obligations under this EFA, we have the right, but not the obligation, to take any action or pay any amounts that we believe are necessary to protect our interests and you agree to reimburse us, immediately on demand, for any amounts that we pay. If more than one Customer has signed this EFA, each of you agree that your liability is joint and several, and that we may pursue action against any party without pursuing action against any other party.

EFA #180129-VF000

Customer Initial _KS_



**ALLSTATE CAPITAL**
A Crestmark Bank Company

40950 Woodward Ave. Suite 201 Bloomfield Hills, MI 48304-5127

**EQUIPMENT SCHEDULE A**
**TO EQUIPMENT FINANCE AGREEMENT #180129-VF000**

You acknowledge that this Equipment Schedule A is correct. You authorize us to update and/or provide more detail for the Equipment Description in the Acceptance Certificate. If there are changes to the total cost of the Equipment, you authorize us to make the corresponding adjustments to the Amount Financed and the Finance Payment, and the adjustments will be confirmed in the Acceptance Certificate.

Any contracts and/or quotes listed below are referenced for the equipment description only and any terms or conditions that may be included on those documents are specifically excluded.

| EQUIPMENT LOCATION | QTY | PART # | EQUIPMENT DESCRIPTION | SERIAL NUMBER | UNIT PRICE | AMOUNT FINANCED | SUPPLIER |
|---|---|---|---|---|---|---|---|
| See Below | 1 | | New equipment as described on the attached invoice from Huron Valley Restaurant Equipment dated 9/26/17 and the attached speadsheet | | $272,925.58 | $272,925.58 | Huron Valley Restaurant Equipment |

**Total Amount Financed:** $272,925.58

### Equipment Locations

| Store # | Address | Suite # | City | Zip |
|---|---|---|---|---|
| 1804 | 4625 E Thomas Rd. | N/A | Phoenix | 85018 |
| 1806 | 2934 N Hayden Rd. | N/A | Scottsdale 1 | 85251 |
| 1807 | 5026 W Cactus Rd. | 8 | Glendale 2 | 85304 |
| 1809 | 2050 W Guadalupe Rd. | 6 | Mesa 2 | 85202 |
| 1813 | 3614 E Southern Ave. | 104 | Mesa 3 | 85206 |
| 1814 | 1909 E Ray Rd. | 6 | Chandler | 85225 |
| 1818 | 8345 W Thunderbird Rd. | 110 | Peoria | 85381 |
| 1820 | 150 N. Pantano Rd. | 104 | Tucson | 85710 |
| 1823 | 3126 S Higley Rd. | 108 | Gilbert | 85295 |
| 1824 | 12725 W Indian School Rd. | B102 | Avondale | 85392 |
| 1826 | 1116 S Crismon Rd. | 101 | Mesa | 85208 |
| 1828 | 3122 N. Campbell Ave. | 140 | Tucson | 85719 |
| 1830 | 7448 W. Glendale Ave. | 106 | Glendale 4 | 85303 |
| 1838 | 3515 W Union Hills Dr. | 115 | Glendale | 85308 |
| 1840 | 1745 W Hunt Highway | 104 | San Tan Valley | 85143 |