# EXHIBIT 8



27777 FRANKLIN ROAD, SUITE 2500 • SOUTHFIELD, MICHIGAN 48034-8214
PHONE 248.351.3000 • FAX 248.351.3082
www.jaffelaw.com

Thomas E. Coughlin
tcoughlin@jaffelaw.com

May 19, 2020

SIMON AUTOMOTIVE, LLC                                    **Via Email: sczarnik@czarnikco.com**
SIMONXPRESS PIZZA, LLC
SIMON STORES CORPORATION
SE CORPORATION OF MICHIGAN
SIMON ENTERPRISE INC.
643 TELEGRAPH, LLC
PINCKNEY PETROLEUM, LLC
CACTUS SHELL LLC
SIMON LAND DEVELOPMENT GROUP, LLC
FAWZI SIMON
C/O Stephen J. Czarnik, Esq.
245 Park Avenue, 39th Floor
New York, NY 10167

    Re:  Notice of Default and Demand for Payment Concerning Financing Relationships between CRESTMARK, a division of METABANK, NATIONAL ASSOCIATION, as successor to CRESTMARK EQUIPMENT FINANCE, INC., d/b/a Allstate Capital ("Lender"); SIMON AUTOMOTIVE, LLC ("Simon Automotive"); SIMONXPRESS PIZZA, LLC ("SimonXpress", or individually or collectively with Simon Automotive a "Borrower" or the "Borrowers" as the context requires); and SIMON STORES CORPORATION, SE CORPORATION OF MICHIGAN, SIMON ENTERPRISE INC., 643 TELEGRAPH, LLC, PINCKNEY PETROLEUM, LLC, CACTUS SHELL LLC, SIMON LAND DEVELOPMENT GROUP, LLC, and FAWZI SIMON (individually and collectively a "Guarantor").

Dear Fawzi Simon:

  As you are aware I am counsel for Lender.

  This is with reference to the financing relationships between Lender, each Borrower and each Guarantor (collectively the "Credit Loans"), as evidenced by, among other documents, the Equipment Finance Agreement #170763-VF000 dated as of September 7, 2017 with Simon Automotive (the "Simon Automotive EFA"); the Equipment Finance Agreement #180129-VF000 dated January 25, 2018 with SimonXpress (the "SimonXpress EFA", or collectively with the Simon Automotive EFA, the "EFAs"); and the Guaranty dated as of September 7, 2017 of the indebtedness under the Simon Automotive EFA from each Guarantor, and the Guaranty dated as of January 25, 2018 of the indebtedness under the SimonXpress EFA from each Guarantor (collectively the "Guarantees").

4848792.v1

May 19, 2020
Page 2

      Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed thereto in the EFAs and the Forbearance Agreement (as defined below).

      Each Borrower has been and continues to be in default under its EFA because, among other reasons, it failed to make certain Finance Payments due under the EFAs within 10 days of their respective due dates (collectively, the "Existing Defaults").

      Each Borrower and each Guarantor requested that Lender forbear from enforcement of its remedies under the Loan Documents to provide them additional time to pay down the amounts due under their respective Loan Documents and to otherwise restructure their businesses, pursuant to the terms and conditions of a Forbearance Agreement executed by Lender, Borrowers and Guarantors with an effective date of April 30, 2020 (the "Forbearance Agreement").

      In the Forbearance Agreement each Borrower and each Guarantor acknowledged the Existing Defaults, and acknowledged and agreed that the unpaid balances due and owing to Lender under each EFA as of April 15, 2020 was as follows:

| | |
|---|---|
| Simon Automotive EFA: | $256,071.98 |
| SimonXpress EFA: | $204,771.09 |

The above amounts included accrued interest but did not costs and attorney fees, for which each Borrower and each Guarantor are liable (collectively the "Indebtedness").

      Lender agreed in the Forbearance Agreement that that so long as Borrowers do not default under the terms of the Loan Documents other than the Existing Defaults or breach any material term or provision of the Forbearance Agreement, Lender will forbear from proceeding with exercising its default remedies thereunder until August 1, 2020 ("Forbearance Period").

      The Forbearance Agreement provides that if Borrower breaches, fails to comply with or fails to fulfill any one or more of the material terms, covenants, warranties and other provisions of the Forbearance Agreement or the Loan Documents, Borrower shall be in default of the Forbearance Agreement, and such default(s) shall result in the termination of the Forbearance Period and shall entitle Lender to exercise any and all default remedies available to it under this Agreement and/or the Loan Documents, at law and in equity, and otherwise as permitted with respect to the Credit Loans, the Indebtedness and the collateral security therefore.

      Please be advised that each Borrower is in default of the Forbearance Agreement because, among other reasons:

      A.    Each Borrower failed to timely provide Lender with the status of its SBA PPP loan application and funding;

      B.    Each Borrower failed to produce a detailed debt/liability/payable/merchant cash advance schedule with a list of all creditors, including all amounts due and the due dates, within seven (7) days of the Deadline;

May 19, 2020
Page 3

  C. Each Borrower failed to provide to Lender is current financial statements, and for SimonXpress noting the financial performance by each HHP location, within seven (7) days of the Deadline;

  D. Each Borrower failed to retain a business consultant acceptable to Lender in its sole reasonable discretion at the Borrower's expense by the close of five (5) business days after the Deadline; and

  E. Each Borrower failed to prepare and submit to Lender rolling, 13-week cash flow budgets including projections and statements of sources and uses of cash for the payment of expenses (the "Cash Flow Budgets") evidencing that the Borrower has a viable business by May 15, 2020.

  Because of the Defaults, the Forbearance Period has terminated, and the SimonXpress Indebtedness is hereby accelerated and demanded from SimonXpress and the Guarantors, and the Simon Automotive Indebtedness is hereby accelerated and demanded from Simon Automotive and the Guarantors.

  In addition, each Borrower is instructed to immediately cease using its Equipment and to surrender possession of its Equipment to Lender so that Lessor may exercise its rights and remedies under the EFA.

  If the Indebtedness is not paid in full immediately, Lender shall be left with no reasonable alternative but to commence, without further delay or notice, whatever measures against the Borrowers and the Guarantors which are deemed necessary to protect Lender's interests, including but not limited to filing suit against each Borrower and each Guarantor and to the immediate appointment of a receiver for the business of each Borrower and each Guarantor.

  You are encouraged to consult with your legal counsel in connection with this letter. Please give this letter your immediate and prompt attention.

        Very truly yours,

        Jaffe, Raitt, Heuer & Weiss
        Professional Corporation


        Thomas E. Coughlin

4848792.v1