**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

CRESTMARK,

    Plaintiff,

v.                                                           Case No. 20-11396

SIMON AUTOMOTIVE, LLC,
*et al.*,

    Defendants.

_____/

**OPINION AND ORDER GRANTING INTERVENING PLAINTIFF'S MOTION TO
INTERVENE AND SETTING DEADLINE FOR INTERVENING PLAINTIFF TO
RESPOND TO PLAINTIFF'S MOTION TO APPOINT RECIEVER**

Plaintiff Crestmark brings this action for breach of contract against Defendants Simon Automotive, LLC ("S. Auto."), Simonxpress Pizza, LLC ("S. Pizza"), Simon Stores Corporation, SE Corporation of Michigan, Simon's Enterprise Inc. ("SEI"), 643 Telegraph, LLC, Pinkney Petroleum, LLC, Cactus Shell, LLC, Simon Land Development Group, LLC, and Fawzi Simon. (ECF No. 1, PageID.10-13.) Plaintiff alleges that it provided two separate loans, one to Defendant S. Auto. and one to Defendant S. Pizza, for the purchase of business equipment. (*Id.*, PageID.4-5, ¶¶ 16, 19.) Defendants Simon, Simon Stores Corporation, SE Corporation of Michigan, SEI, 643 Telegraph, Pinkney Petroleum, Cactus Shell, and Simon Land Development Group allegedly guaranteed the loans. (*Id.*, PageID.4-5, ¶¶ 17-18, 20-21.) Plaintiff claims Defendants S. Auto. and S. Pizza entered into default; Plaintiff seeks to foreclose on security interests it allegedly has in the two companies' equipment and appoint a receiver over their businesses. (*Id.*, PageID.13-14.)

First Western Trust Bank ("First Western") moves to intervene. (ECF No. 12.) Neither Plaintiff nor any Defendant has filed a response opposing First Western's motion.

"On a timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). Further, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Thus, the proposed intervenor has the burden to "establish that the motion for intervention is timely and alleges at least one common question of law or fact." *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005) (citing *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997)). "[T]he district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine, whether, in the court's discretion, intervention should be allowed." *Id.*

First Western meets the first requirement of setting forth "a common question of law or fact." Fed. R. Civ. P. 24(b)(1). First Western presents evidence of two loans it issued to Defendant S. Pizza. (ECF Nos. 12-1, 12-9.) The bank also attaches an agreement whereby Defendants Simon and SEI guaranteed Defendant S. Pizza's loans. (ECF No. 12-11.) According to First Western, Defendant S. Pizza is indebted to it in an amount not less than $3,576,526.53 and attaches a demand letter sent to Defendants S. Pizza, Simon, and SEI. (ECF No. 12, PageID.422; ECF No. 12-13.)

In this action, Plaintiff seeks to recover not less than $204,771.09 from Defendant S. Pizza; it also asks for the appointment of a receiver over Defendant S.

Pizza's assets. (ECF No. 1, PageID.12, 14.) Plaintiff alleges Defendants Simon and SEI guaranteed loans valued at $460,843.07 for both Defendants S. Pizza and S. Auto. (*Id.*, PageID.13.)

First Western has a real legal interest in this litigation which may be adversely affected by a judgment in favor of Plaintiff or the appointment of a receiver over Defendant S. Pizza's business operations. (*Id.*, PageID.12, 14.) Plaintiff and First Western have competing claims over the same assets. *See Reliastar Life Ins. Co. v. MKP Invs.*, 565 F. App'x 369, 374-75 (6th Cir. 2014) (affirming a district court's finding that two banks lacked common questions of law or fact when they had no interest in a disputed insurance policy but merely wished to collect the policy's proceeds once paid). (ECF No. 1, PageID.12-14; ECF Nos. 12-1, 12-9, 12-11.) The priority of Plaintiff's and First Western's loans and the decision on whether to appoint a receiver are common questions of law and fact justifying First Western's intervention. Fed. R. Civ. P. 24(b)(1).

The court also finds that First Western's motion to intervene is timely and that intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *United States v. Michigan*, 424 F.3d at 445. First Western filed its motion at the earliest possible stage of litigation. Plaintiff's complaint was filed on June 1, 2020 and First Western moved to intervene on June 28, 2020, twenty-seven days later. (ECF Nos. 1, 12.) Discovery has not yet opened. Neither Plaintiff nor Defendants argue First Western's intervention is untimely or would result in prejudice. Thus, the court will permit First Western to intervene.[1]

---

[1] With intervention granted, the court will not address First Western's claim that it may intervene as of right due to alleged security interests it has in Defendant S. Pizza's assets. (ECF No. 12, PageID.427-31.)

3

Plaintiff has filed a motion to appoint a receiver over the business of Defendants S. Pizza and S. Auto. (ECF No. 6.) Now that First Western has joined this action as an Intervening Plaintiff, the court will provide it fourteen days from entry of this order to file a response, if it so chooses, to Plaintiff's motion to appoint a receiver. Accordingly,

IT IS ORDERED that Intervening Plaintiff First Western's "Motion to Intervene" (ECF No. 12) is GRANTED.

IT IS FURTHER ORDERED that Intervening Plaintiff's deadline to file a response to Plaintiff's "Motion to Appoint Receiver" (ECF No. 6) is set for **August 10, 2020**.

s/Robert H. Cleland            /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  July 27, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 27, 2020, by electronic and/or ordinary mail.

s/Lisa Wagner            /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\20-11396.CRESTMARK.MotiontoIntervene.RMK.2.docx

4