## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

_____

CRESTMARK,

               Plaintiff,

v.

FIRST WESTERN TRUST BANK,               Case No. 20-11396

               Intervenor Plaintiff,

v.

SIMON AUTOMOTIVE, LLC,
*et al.*,

               Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO APPOINT RECEIVER**

       Plaintiff Crestmark brings this action for breach of contract against all Defendants, and seeks to foreclose security interests in the assets of Defendants Simon Automotive, LLC ("S. Auto") and Simonxpress Pizza, LLC ("S. Pizza") and to appoint a receiver over Defendants S. Auto and S. Pizza. (ECF No. 1, PageID.10-14.) Intervenor First Western Trust Bank joined this lawsuit to protect alleged security interests in Defendants S. Pizza, Simon's Enterprise Inc. ("SEI"), and Fawzi Simons' assets. (ECF Nos. 12, 18.)

       Plaintiff moves to appoint a receiver over the businesses of Defendants S. Auto and S. Pizza. (ECF No. 6.) Defendants and Intervenor have filed responses. (ECF Nos. 17, 20.) The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. L.R. 7.1(f)(2). Plaintiff's motion will be denied.

Federal Rule of Civil Procedure 66 allows for the appointment of receivers in conformity with traditional rules of equity. *Liberte Capital Group, LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006); 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2981 (3d ed. 2020). Rule 66 provides "the practice in administering an estate by a receiver or a similar court-appointed officer must accord with the historical practice in federal courts or with a local rule." Fed. R. Civ. P. 66.

"A district court enjoys broad equitable powers to appoint a receiver over assets disputed in litigation before the court." *Liberte Capital Group*, 462 F.3d at 551. "The receiver's role, and the district court's purpose in the appointment, is to safeguard the disputed assets, administer the property as suitable, and to assist the district court in achieving a final, equitable distribution of the assets if necessary." *Id.* Receivers are appointed only in exceptional circumstances. "A receivership is an 'extraordinary remedy' that a court should employ with the 'utmost caution' and grant 'only in cases of clear necessity to protect plaintiff's interests in the property.'" *Pension Ben. Guar. Corp. v. Evans Tempcon, Inc.*, 630 F. App'x 410, 414 (6th Cir. 2015) (quoting Wright & Miller, *supra*, § 2983). In making this determination, district courts carefully weigh factors such as "the existence of a valid claim by the moving party; the probability that fraudulent conduct has occurred or will occur to frustrate the claim; imminent danger that property will be lost, concealed, or diminished in value; inadequacy of legal remedies; lack of a less drastic equitable remedy; and the likelihood that appointment of a receiver will do more harm than good." *Meyer Jewelry Co. v. Meyer Holdings, Inc.*, 906 F. Supp. 428, 432 (E.D. Mich. 1995) (Gadola, J.); *see also* 65 Am. Jur. 2d *Receivers* § 20 (2020). In

sum, a decision to appoint a receiver at the beginning of a case should be made with exceptional caution.

Plaintiff first argues that its contracts with Defendants S. Auto and S. Pizza allow Plaintiff to appoint a receiver in the event of default. (ECF No. 6, PageID.199-200.) According to Plaintiff, it is entitled to a receiver "without contest from Defendants" because Defendants S. Auto and S. Pizza breached the agreement by not providing financial reporting and failing to appoint a consultant. (*Id.*, PageID.195-96, 200.) Defendants respond with detailed arguments disputing whether Defendants S. Auto and S. Pizza are in default at all. (ECF No. 17, PageID.553-57.) Specifically, Defendants state that they have not fallen behind in their payments and debate whether they breached the agreement for other reasons. (*Id.*, PageID.547, 553-57.) They also assert that Plaintiff has waived its contractual rights and that performance was impossible in light of the outbreak of the Coronavirus Disease ("COVID-19"). (*Id.*, PageID.554-56.)

Baring factual disputes, determination of whether Defendants breached their contracts with Plaintiff is a question of law, to be decided through processes laid out in the Federal Rules of Civil Procedure. *See Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 659 (6th Cir. 1996) (describing breach of a contract as a definitional "legal issue"). The parties must engage in discovery, and Plaintiff can move for summary judgment at the appropriate time. *See* Fed. R. Civ. P. 56(a). At that point, the court can decide if the terms of the parties' contract are unambiguous as a matter of law, if Defendants S. Auto and S. Pizza breached their agreements, and whether there exists any factual dispute to be decided by a trier of fact. *See Solo v. United Parcel Serv. Co.*, 819 F.3d 788, 794 (6th Cir. 2016) (citation removed) ("When the language [of a contract] is clear and

3

unambiguous, its meaning is a question of law . . . if the language is unclear or susceptible to multiple meanings, interpretation becomes a question of fact."). The court will not short-cut the traditional process of civil litigation and render a contested legal ruling, touching on the ultimate merits, at an initial stage of the case.

Plaintiff does not present evidence that Defendants have taken any action or developed a plan to conceal the relevant assets or engage in fraudulent transfers so as to prevent Plaintiff from enforcing contract rights.[1] Beyond assertions that Defendants S. Auto and S. Pizza breached the contracts, a disputed legal claim, there is no substantive indication that Defendants S. Auto and S. Pizza seek to undermine a potential adverse court judgment. Plaintiff has not demonstrated that the normal legal processes of debt collection and contract enforcement, or other equitable remedies, are so inadequate that receivership is necessary. *See, e.g.*, *In re Trudel*, 477 Mich. 1202, 1203 (2006) (denying appointment of a receiver under traditional rules of equity considering the petitioner did not demonstrate "all less intrusive means . . . were ineffective"); *see* Wright & Miller, *supra*, § 2983 (Federal courts can look to state law for guidance on receivership motions). Depriving Defendants S. Auto and S. Pizza of the authority to "take, hold, and operate [their businesses], to negotiate [their] sale . . . to a third party[,] and to file a voluntary bankruptcy," as Plaintiff describes the responsibilities of a receiver, appear at this time to do more harm to Defendants' property rights than aid Plaintiff's asserted right to collection, which may or may not be valid. (ECF No. 6, PageID.203.)

---

[1]     Plaintiff alleges in its complaint, without citation or evidentiary support, that Defendant Simon "has admitted to using all of the [Defendant] entities as his own personal checkbook." (ECF No. 1, PageID.10, ¶ 35.)

Plaintiff argues that the State of Arizona imposed a tax lien on Defendant S. Pizza and that Defendants S. Auto and S. Pizza have failed to pay their debts in the past. (*Id.*, PageID.202.) Nonetheless, that Defendants have other creditors and have previously failed to meet obligations does not mean Defendants are acting in a fraudulent manner or intend to illegally transfer assets to avoid payment. Furthermore, Plaintiff was aware Defendants S. Auto and S. Pizza were behind on prior payments and yet entered into the contracts at issue (called "Forbearance Agreements") in order to agreeably manage its relationships with Defendants without entering defaults. (*Id.*, PageID.193-94.)

Intervenor adds that if the court were to appoint a receiver over Defendants S. Auto and S. Pizza, it should also appoint a receiver over Defendant SEI, in which Intervenor allegedly holds a security interest. (ECF No. 20, PageID.612.) According to Intervenor, it issued loans to Defendant S. Pizza, which are in default in part due to failure to make payment. (*Id.*, PageID.606-07.) Intervenor does not present evidence clearly demonstrating the existence of fraud or inadequacy of legal and other equitable remedies. As described above, simply presenting evidence of other creditors and a failure to meet obligations is not itself extraordinary and does not, in the court's opinion, warrant the appointment of a receiver before discovery has begun. If Intervenor proves Defendants breached a contract, Intervenor can enforce its rights through normal legal processes.

Appointment of a receiver is not justified at this time, and Plaintiff's motion will be denied. *See Meyer Jewelry Co.*, 906 F. Supp. at 432; Am. Jur. 2d, *supra.* Accordingly,

IT IS ORDERED that Plaintiff's "Motion to Appoint Receiver" (ECF No. 6) is

DENIED.

s/Robert H. Cleland                    /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 2, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, October 2, 2020, by electronic and/or ordinary mail.

s/Lisa Wagner                         /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\20-11396.CRESTMARK.MotiontoAppointReceiver.RMK.RHC.2.docx