**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

CRESTMARK, a division of MetaBank, N.A.,

    Plaintiff,

v.

FIRST WESTERN TRUST BANK,              Case No. 20-11396

    Intervenor Plaintiff,

v.

SIMONXPRESS PIZZA, LLC, SIMON'S
ENTERPRISE, INC., and FAWZI R. SIMON,

    Defendants.
_____/

**OPINION AND ORDER GRANTING FIRST WESTERN TRUST BANK'S MOTION FOR ENTRY OF CONFESSION OF JUDGMENT**

    On December 21, 2020, First Western Trust Bank ("FWTB") filed an Intervenor's Complaint in this action, asserting that Defendants Fawzi Simon, Simonxpress Pizza, and Simon's Enterprises, Inc. (collectively the "Simon Parties"), defaulted on two separate loan and collateral agreements. (ECF No. 27.) On April 6, 2021, the parties entered into a Settlement Agreement to resolve the case. (ECF No. 44-1, PageID.1289-1299.) The agreement explains the outstanding obligations as to the two promissory notes (the "4381 Note" & "4319 Note"):

> [T]he Simon Parties are jointly and severally indebted to FWTB, pursuant to the terms of the 4381 Note as follows: (a) $389,866.68 in principal, (b) $25,166.50 in interest, and (c) $736.29 in late charges (collectively, the "4381 Outstanding Obligations"). Interest continues to accrue against the 4381 Outstanding Obligations at the rate of $70.39 per diem.

> [T]he Simon Parties are jointly and severally indebted to FWTB, pursuant to the terms of the 4319 Note as follows: (a) as of April 1, 2021, (i) $3,076,014.49 in principal, (ii) $181,821.03 in accrued interest, (iii) $33,199.40 in late charges; and (iv) $14,247.00 in costs and other expenses; and (b) as of March 31, 2021, $81,405.99 in attorneys' fees (collectively, the "4319 Outstanding Obligations"). Interest continues to accrue against the 4319 Outstanding Obligations at the rate of $384.50 per diem.

(ECF No. 45-1, PageID.1368.) Furthermore, the Settlement Agreement contemplates that the Simon Parties would (1) make an initial payment of $400,000.00 to FWTB, (2) enter into a Confession of Judgment, (3) sell certain real property located in Scottsdale, Arizona, within ninety days, (4) begin making monthly payments of $20,000.00 within ninety-one days of the Agreement's effective date, and (5) refinance its remaining obligations owed to FWTB no later than one-hundred eighty days from the effective date of the agreement. (ECF No. 44, PageID.1283.) To secure this consideration, the Simon Parties executed a Confession of Judgment; however, the parties agreed in the Settlement Agreement that FWTB would not file the Confession of Judgment with the court until it was either authorized by the Settlement Agreement or the Simon Parties defaulted under its terms. (*Id.*, PageID.1284.)

Before the court is FWTB's "Motion to Request Entry of Confession Judgment," which has been fully briefed by the parties. (ECF Nos. 44, 45, 46.) The parties do not dispute that the Simon Parties have defaulted under the Settlement Agreement, nor do they dispute that FWTB is entitled to a judgment on the balance of the loans. Rather, the Simon Parties object to FWTB's proposed judgment, specifically as it relates to the amount of attorneys' fees, the late fees, and 21% annual interest rate demanded by FWTB. On April 21, 2022, the court held a status conference on the record, during

which the parties advanced their positions, and the court indicated that FWTB's motion would be granted.

First, the Simon Parties object to the attorneys' fees because "[t]his case was not litigated during the period for which these fees are sought," and therefore the work completed between July and November 2021 was not necessary. (ECF No. 45, PageID.1351.) However, at the conference, the court made clear that FWTB adequately supported its entitlement for attorneys' fees with documentary evidence and an affidavit. (*See* ECF No. 44-6, PageID.1316-44.) As explained on the record, counsel for FWTB provided itemized billing demonstrating the work that was required on the present case. This included, *inter alia*, creating modifications to and analyzing settlement documents, reviewing court documents and preparing for appearances before the court, communicating with opposing counsel, drafting necessary motions and reviewing attached exhibits, attempting to resolve issues pertaining to the Simon Parties' default, and more. (*Id.*) The court is convinced, based on the affidavit and supporting documentation, the time spent on this case by FWTB's attorneys was appropriate and that the hourly rates were reasonable. *See Szostek v. Berryhill*, Case No. 14-11531, 2017 WL 6943420, at *2 n.1 (E.D. Mich. Nov. 22, 2017) (Stafford, M.J.) (collecting cases and noting a "review of recent cases from this district reveals than an hourly rate of $250 to $500 is considered standard").

Next, the Simon Parties oppose the imposition of late fees and a 21% interest default interest rate. They contend that because nothing in either the Confession of Judgment or the Settlement Agreement provides for these terms, the terms cannot be applied against them. (ECF No. 45, PageID.1349, 1351.) However, the court agrees

3

with FWTB that the Settlement Agreement incorporates the underlying loan documents, supporting a conclusion that these terms must be included. Indeed, the parties agree that the Settlement Agreement provides that "all terms in the Loan Documents not amended or in conflict with this Agreement shall remain in full force and effect." (ECF No. 45-1, PageID.1370.) The loan documents expressly provide, under the heading "Late Charge," "[i]f a payment is 15 days or more late, Borrower will be charged 5.000% of the regularly scheduled payment." (ECF No. 46-1, PageID.1384; ECF No. 46-2, PageID.1387.) Similarly, each of the notes provide that "[u]pon default, including failure to pay upon final maturity, the interest rate on this Note shall be increased to 21.000%." (ECF No. 46-1, PageID.1384; ECF No. 46-2, PageID.1387.) As discussed at the status conference, there is apparently no dispute that the Simon Parties have defaulted on both the 4381 Note and 4319 Note. Thus, the provisions pertaining to late charges and a 21% default interest rate were triggered, and they apply to the loans at issue. The Simon Parties are correct that the Settlement Agreement and Confession of Judgment are silent as to a 21% default interest rate and late fees; however, this is precisely why they must apply. These terms were incorporated—they were not amended, nor are there new terms that conflict with these provisions. The court, at the status conference, asked the Simon Parties to direct the court to documentary evidence supporting a contrary conclusion, but they were unable to do so.

In short, as indicated on the record, the court is convinced that the Simon Parties should be responsible for paying the attorneys' fees, late fees, and 21% default interest rate requested by FWTB. Accordingly,

IT IS ORDERED that FWTB's "Motion to Request Entry of Confession of Judgment" (ECF No. 44) is GRANTED. A separate judgment will issue.

s/Robert H. Cleland         /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  May 2, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 2, 2022, by electronic and/or ordinary mail.

s/Lisa Wagner         /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\20-11396.CRESTMARK.GrantingMotionForEntryOfConfessionOfJudgment.MAZ.docx